IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE WINGLE, | CASE NO. CV F-05-00160 REC LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| UNITED STATES, | |
| Defendant. | |

## BACKGROUND

On February 4, 2005, pro se plaintiff Blake Wingle ("plaintiff") filed a document entitled "Petition: for Protection of Rights, etc." ("complaint") which this Court construes as plaintiff's complaint to express is discontent with the Internal Revenue Service ("IRS") collection and appeals process. Plaintiff also complained of IRS' collection procedures in his prior action entitled *Blake Wingle v. Internal Revenue Service, et al.*, Case No. 03-6122 AWI LJO ("Case No. 03-6122"). With his August 30, 2004 order, the district judge dismissed plaintiff's complaint in Case No. 03-6122 on grounds of lack of subject matter jurisdiction and failure to state a claim. As discussed below, plaintiff's complaint in this action is defective to warrant dismissal.

1

# DISCUSSION

## Standards For Screening

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);

1  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629
2  (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to
3  dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice
4  also can be inferred from a complaint containing untrue material allegations of fact or false statements
5  made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

6  A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond
7  doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to
8  relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,
9  45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.
10  1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any
11  evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether
12  a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
13  claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development*
14  *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

15  The complaint reflects pleading and jurisdictional deficiencies to prevent plaintiff from offering
16  evidence to support claims raised in the complaint.

## **Jurisdictional Deficiencies**

18  F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

19  (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction
20  depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the
21  pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

22

23  . . .

24  (e)   Pleading to be Concise and Direct; Consistency.

25  (1)   Each averment of a pleading shall be simple, concise and direct.

26  A pleading may not simply allege a wrong has been committed and demand relief. The
27  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds
28  upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.*

3

1  *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need
2  not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these
3  elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis*
4  *v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading
5  policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements
6  of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.
7  1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant
8  engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

9        Here, the complaint fails to allege a meaningful basis for this Court's jurisdiction. The largely
10 indecipherable complaint appears to reflect plaintiff's discontent with the IRS collection and appeals
11 process and fails to note how plaintiff exhausted administrative remedies to entitle this Court to proceed
12 on plaintiff's claims. The complaint cites to 28 U.S.C. § 1346, and its subsection (a)(1) gives district
13 courts jurisdiction over civil actions for recovery of "any internal-revenue tax alleged to have been
14 erroneously or illegally assessed or collected, or any penalty claimed to have been collected without
15 authority . . ." The United States Supreme Court has held that the phrase "any internal-revenue tax" can
16 be construed to refer to payment of the entire amount of assessment, and a federal district court has no
17 jurisdiction under 28 U.S.C. § 1346(a)(1) of a suit for refund which did not discharge the entire amount
18 of his assessment. *See Flora v. United States*, 362 U.S. 145 (1960). A taxpayer threatened with an
19 illegal tax must pay the tax and seek recourse through 26 U.S.C. § 7422, that is, a taxpayer must file a
20 refund claim followed by a federal lawsuit if necessary. *Flora*, 362 U.S. 145.

21       The complaint do not allege plaintiff paid the purported tax debt and filed a refund claim prior
22 to pursuing this action. Thus, in the absence of grounds for this Court's jurisdiction, this Court is unable
23 to proceed on plaintiff's claims.

24       **Deficiencies As To Claims**

25       F.R.Civ.P. 8(a) requires a short plain statement of plaintiff's claim. The complaint does not
26 adequately identify grounds for relief against a particular defendant to satisfy F.R.Civ.P. 8(a)(2). The
27 complaint fails to provide any defendant fair notice and to state elements of a claim plainly and
28 succinctly. The complaint fails to articulate particular relief sought by plaintiff. The pleading

deficiencies prevent this Court from proceeding on plaintiff's complaint.

## Malice

Plaintiff apparently pursues this second action in the absence of good faith. Plaintiff has unsuccessfully litigated tax collection claims yet pursues this action in an apparent attempt to vex the IRS and its officials. Such attempt provides further grounds to dismiss plaintiff's complaint.

## CONCLUSION AND ORDER

Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds the complaint fails to satisfy pleading requirements, fails to state viable claims, and an attempt at amendment is unwarranted based on the complaint's deficiencies, jurisdictional defects, and plaintiff's apparent attempt to vex IRS officials.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304. No later than May 6, 2005, plaintiff may file written objections with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the magistrate judge's ruling pursuant to 28 U.S.C. § 636(b). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse is to object to these findings and recommendations. Plaintiff is further admonished this Court will strike any papers to attempt to file an amended complaint unless this Court specifically grants plaintiff permission to file an amended complaint.**

IT IS SO ORDERED.

**Dated:   April 22, 2005**            /s/ Lawrence J. O'Neill
66h44d                                    UNITED STATES MAGISTRATE JUDGE