IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE WINGLE,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. CV F-05-00160 REC LJO<br><br>**ORDER TO: (1) VACATE FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION; AND (2) TO DISMISS COMPLIANT WITH LEAVE TO AMEND** |

## BACKGROUND

On February 4, 2005, pro se plaintiff Blake Wingle ("plaintiff") filed a document entitled "Petition: for Protection of Rights, etc." ("complaint"). Based on plaintiff's papers, this Court construes plaintiff's complaint to allege errors conducted during a 26 U.S.C. § 6330 ("section") administrative hearing conducted on December 14, 2004. This Court issued April 22, 2005 findings and recommendations to dismiss this action. On May 5, 2005, plaintiff filed papers to clarify his positions. As such, this Court will readdress plaintiff's complaint.

## DISCUSSION

### Standards For Screening

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua

sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The complaint reflects pleading deficiencies to prevent plaintiff from offering evidence to support claims raised in the complaint.

### **Pleading Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e) Pleading to be Concise and Direct; Consistency.
>
> (1) Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements

of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

In his papers filed May 5, 2005, plaintiff complains of the "IRS rushing him off to collections before he received a face to face examination interview where the Plaintiff could, point out to the examiner any amounts included in the return which are not taxable." Plaintiff's complaint alleges, among other things:

1. Plaintiff is entitled to "an opportunity to attend a face to face examination hearing with IRS Examination personnel."

2. "The IRS's administrative record evidences that Plaintiff timely requested, pre-collection examination hearings.

3. "The IRS Appeals Officers ignored Petitioner's evidence that the IRS LACKED SUBJECT MATTER JURISDICTION and therefore it was inappropriate for the IRS to proceed to collection . . ."

4. "By the Appeals Officers NOT verifying the administrative record, they were NOT familiar with the evidence I presented that is and was a part of the IRS administrative record, so no meaningful discourse was able to take place."

5. "The Appeals Officers ignored that the examination hearing to determine the underlying liability had NOT been afforded Petitioner."

The complaint does not pray for relief except for "leave to amend this Petition when Petitioner obtains counsel knowledgeable in Tax and Revenue law, or obtains new facts."

Section 6330 generally provides that the Internal Revenue Service ("IRS") cannot proceed with tax collection by levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an appeals Officer due process hearing, and if dissatisfied, with judicial review of such administrative determination. Section 6330(c) addresses matters considered at an appeals officer hearing:

> In the case of any hearing conducted under this section –
>
> > (1) Requirement of investigation. – The appeals officer shall at the

hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

At the appeals officer hearing, a taxpayer may raise "any relevant issue relating to the unpaid tax or proposed levy, including . . . challenges to the appropriateness of collection actions." 26 U.S.C. § 6330(c)(2)(A)(ii). Section 6330(c)(2)(B) permits a taxpayer to "raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Section 6330(c)(3) sets forth criteria for an appeals officer to consider, including verification that requirements of applicable law and administrative procedure have been met. Section 6330(d) permits an appeal within 30 days of the appeals Officer's determination to a United States district court if the United States Tax Court lacks jurisdiction.

Based on plaintiff's papers filed May 5, 2005, this Court construes plaintiff's complaint to allege errors of an appeals officer's determination following a December 14, 2004 due process hearing. The complaint's allegations regarding the appeals officer fail to state a claim. The complaint fails to allege Section 6330(c) discrepancies to permit this Court to proceed with review. The complaint fails to even hint at the appeals officer's determination. The complaint make sweeping comments without supporting facts or substance. The complaint fails to state facts that this Court, rather than the United States Tax Court, has jurisdiction to satisfy F.R.Civ.P. 8(a)(1). The complaint does not adequately identify grounds for relief to satisfy F.R.Civ.P. 8(a)(2). The complaint fails to articulate particular relief sought by plaintiff. The pleading deficiencies prevent this Court from proceeding on plaintiff's complaint.

**Attempt At Amendment**

Plaintiff is granted an opportunity to attempt to amend his complaint to cure deficiencies. Plaintiff is further admonished that this Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleadings serves no further function. Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

/ / /

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. VACATES its April 22, 2005 findings and recommendations to dismiss this action;

2. DISMISSES plaintiff's complaint, filed February 4, 2005, and GRANTS plaintiff leave to amend;

3. ORDERS plaintiff, no later than June 3, 2005, to file an amended complaint to comply with this order; and

4. **Admonishes plaintiff that failure to file an amended complaint in compliance with this order will result in a recommendation to dismiss this action for failure to obey a court order.**

IT IS SO ORDERED.

**Dated:   May 12, 2005**                           /s/ Lawrence J. O'Neill
66h44d                                              UNITED STATES MAGISTRATE JUDGE