IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE WINGLE, ) | No. CV-F-05-160 REC/LJO |
| ) | |
| ) | ORDER DENYING UNITED STATES' |
| ) | MOTION FOR RULE 11 SANCTIONS |
| Petitioner, ) | WITHOUT PREJUDICE |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

On October 3, 2005, the court heard the United States' motion for sanctions pursuant to Rule 11, Federal Rules of Civil Procedure, against plaintiff, Blake Wingle.

Upon due consideration of the record and the arguments of the parties, the court denies this motion without prejudice.

Blake Wingle, proceeding in pro per, has filed a an "Amended Petition: For Protection of Inalienable Rights; Protection of Civil/Statutory Rights; Appeal of Notice of Determination of IRS Appeals Officers; For Setting Aside IRS Appeals Determination; For New 26 U.S.C. §§ 6320 and 6330 Hearing; and For Remanding

1

Case Back to IRS Examination Division" (hereinafter referred to as the Amended Petition). The Amended Petition alleges that this court has jurisdiction "under the Constitution of the United States, 28 U.S.C. § 1346, 26 U.S.C. § 6330; and 42 U.S.C.A. § 1983." The Amended Petition, which is voluminous, refers to the "tax returns and IRS determinations ... for the tax years 1993, 1994, 1995, 1996 and 1997." The Amended Petition essentially alleges that petitioner was entitled to an "IRS examination hearing and appeals conference" before the IRS can proceed to collection and that petitioner was never given examination hearings or appeals conferences despite petitioner's requests for them. The Amended Petition alleges:

> 2.04 The IRS proceeded to collection for each subject year, without granting the Congress mandated IRS Examination Hearings, and therefore the IRS was without subject matter jurisdiction and thereafter acting under color of law, and all IRS collection acts/actions were without legal effect and void.

The Amended Petition alleges that petitioner was granted a "Collection Due Process Hearing", that the "IRS Appeals Officers were informed prior to the hearing and at the hearing that the IRS has failed and refused to grant Plaintiff IRS examination hearing, and in doing so have violated Plaintiff's inalienable and statutory rights", that the "IRS Appeals Officers' determination erroneously found that the IRS had complied with all applicable IRS laws and procedures"; that "both IRS Appeals Officers were NOT Knowledgeable of Congress enacted laws and

2

1  procedures or the facts in the IRS administrative record"; and
2  that the "IRS Appeals Officers evidenced ... bias and prejudice
3  ...."  The Amended Petition alleges that the "IRS Appeals
4  Determination(s) should be stuck [sic] down and new IRS Appeals
5  Hearing held with specific notice to determine AT THE HEARING
6  whether the IRS followed ALL applicable revenue laws and
7  procedures, and the appropriateness of collection in light of the
8  IRS' failure and refusal to grant pre-collection IRS examination
9  hearings."  The Amended Petition prays for the following relief:

> 1. Set aside the IRS Appeals Determination;
>
> 2. Order the IRS to conduct a new IRS Appeals hearing, or in the alternative order the IRS Appeals Office to remand the IRS determination and penalties for the years 1993, 1994, 1995, 1996, and 1997 to the IRS Examination division for examination hearings, so that Plaintiff can examine the IRS' personnel's/Secretary's findings, evidence and basis in law for IRS determinations; and present Plaintiff's findings, evidence and basis in law for Plaintiff's filings and for the first time fully set forth Plaintiff's position;
>
> 3. A finding that the IRS did NOT follow applicable Congress mandated pre-collection revenue law and applicable Congress and Secretary mandated pre-collection procedure for the years 1993, 1994, 1995, 1996 and 1997;
>
> 4. A finding that the IRS, with regard to IRS determinations for the years 1993, 1994, 1995, 1996 and 1997, did consistently and systematically violate Plaintiff's inalienable rights, including, but not limited to Plaintiff's rights of due process of law, equal protection of the laws, and endangered Plaintiff with taking Plaintiff's property without just consideration. Partial relief can be granted by remanding these

3

>matters back to the IRS Examination division for Plaintiff's right to have a face to face meeting and all that such a meeting entails. Additional relief requested is that this Court issue an injunction/restraining order against the IRS prohibiting them from violating Plaintiff's inalienable rights.
>
>5. A finding that the IRS with regard to IRS determinations for the years 1993, 1004, 1995, 1996 and 1997 did consistently and systematically violate Plaintiff's statutory and civil rights, including, but not limited to Plaintiff's rights of due process of law, equal protection of the laws, and endangered Plaintiff with taking Plaintiff's property without just consideration. Partial relief can be granted by remanding these matters back to the IRS Examination division for Plaintiff's right to have a face to face meeting and all that such a meeting entails. The IRS deprived Plaintiff of Plaintiff's federal protected rights while acting under color of law. This is a claim for relief can be granted [sic] and for which the United States Tax Court has no jurisdiction.
>
>6. A finding that the IRS with regard to IRS determinations and penalties for the years 1993, 1994, 1995, 1996 and 1997 acted under color of law, and that all IRS determinations and acts without examination hearings were and are void, of no legal effect, and unenforceable.

The United States, which has not yet filed an Answer to the Amended Petition, has filed a motion for sanctions against petitioner pursuant to Rule 11, Federal Rules of Civil Procedure. The United States contends that sanctions under Rule 11 are warranted because petitioner "has advanced frivolous arguments challenging the constitutionality of federal tax law and has submitted papers for an improper purpose, to harass and vex the Government and its officials."

4

1     In so asserting, the United States contends that the instant
2  action "is almost identical" to a previous action filed by
3  petitioner with this court, <u>Wingle v. Internal Revenue Service,</u>
4  <u>et al.</u>, No. CV-F-03-6122 AWI/LJO.  The file in petitioner's
5  action before Judge Ishii has been sent to the Ninth Circuit in
6  connection with petitioner's appeal.  Therefore, the court does
7  not have access to a copy of the Complaint filed by petitioner in
8  Judge Ishii's case.  However, by Order filed on August 30, 2004,
9  Judge Ishii that the Complaint in his case was a "civil rights
10 action for injunctive relief stemming from a taxpayer's
11 discontent about procedures followed by the ... IRS ... to
12 collect tax penalties" and that the Complaint alleged that
13 defendants "denied plaintiff ... his right to a pre-collection
14 hearing."  Judge Ishii further ruled in pertinent part:

> The complaint alleges that the IRS imposed a tax penalty on Plaintiff pursuant to 26 U.S.C. § 6702 for filing a frivolous income tax return.  Plaintiff alleges he is entitled to an examination hearing, before the IRS institutes collection proceedings.  Plaintiff alleges he has repeatedly and timely sought a 26 U.S.C. § 6703 penalty hearing from the IRS, for the IRS to explain why the § 6702 tax penalty was imposed.  Plaintiff alleges he is entitled to an opportunity to explain, prior to collection proceedings, why the penalty was imposed in error.  The IRS has refused to hold an examination hearing and has sent notices of intent to levy.  The complaint alleges that the IRS has not followed pre-collection laws or procedures, including pre-collection hearings.  The complaint also alleges that Plaintiff has exhausted all of his administrative remedies.
>
> ...

5

> In tax cases, the United States waives sovereign immunity only when a claimant has exhausted IRS remedies. Ordinarily, there is no jurisdiction in district courts over suits for refund or penalty amounts paid until taxpayer has paid the full amount of the contested penalty assessment and has filed claim for refund which IRS has either rejected or not acted upon in six months ....
>
> In a tax case such as Plaintiff's, a claimant must pay 15 percent of the § 6702 penalty and file a claim for refund before bringing a case in district court ... There is no subject matter jurisdiction in the district court under § 6703(c)(2) unless the taxpayer follows the administrative remedies under § 6703(c)(1) providing for payment of a portion of the penalty and filing of a claim for refund within 30 days of notification of assessment of the penalty ... No pre-assessment judicial procedures are available to challenge the § 6702 penalty ....
>
> ...
>
> Plaintiff has the burden of showing the requisite waiver of sovereign immunity for his suit ... Defendants argue that Plaintiff fails to state a claim because he has not paid the penalties owed under Section 6702 and exhausted his administrative remedies at the IRS. Plaintiff alleges in his complaint that he has exhausted administrative remedies; however, Plaintiff does not allege that he paid 15 percent of the amount of the penalty assessed by the IRS and filed a claim for refund, pursuant to 26 U.S.C. § 6703. Therefore, Plaintiff has not shown that he has exhausted administrative remedies as to this claim against the United States, and sovereign immunity is not waived. Jurisdiction in this court is lacking.
>
> Plaintiff asserts that notwithstanding the court's lack of subject matter jurisdiction, the court has jurisdiction under 28 U.S.C. § 1346. Section 1346(a)(1) gives the district courts jurisdiction over civil actions for the recovery of 'any internal-revenue tax alleged to have been erroneously or illegally

6

```
 1                assessed or collected, or any penalty claimed
                  to have been collected without authority ...'
 2                In 1960, the Supreme Court held that the
                  phrase 'any internal-revenue tax' can be
 3                construed to refer to payment of the entire
                  amount of the assessment, and a federal
 4                district court has no jurisdiction under
                  Section 1346(a)(1) of a suit for refund which
 5                did not discharge the entire amount of his
                  assessment ... A taxpayer threatened with an
 6                illegal tax must pay the tax and then seek
                  recourse through 26 U.S.C. § 7422, that is,
 7                he must file a refund claim followed by a
                  federal lawsuit if necessary ... Plaintiff
 8                does not allege that he paid the penalty
                  assessment or sought recourse through 26
 9                U.S.C. § 7422 before filing the complaint in
                  district court.  Plaintiff has not alleged
10                that he paid the purported tax debt and filed
                  a claim for refund before bringing his
11                federal lawsuit.  Therefore, the court holds
                  that the district court does not have
12                jurisdiction under 28 U.S.C. § 1346 to enjoin
                  tax collection in Plaintiff's case.
13
                  ...
14
                  Plaintiff contends that his constitutional
15                rights to due process and equal protection
                  have been violated because he has been denied
16                a hearing by the IRS.  Defendants argue that
                  Plaintiff fails to state a claim because he
17                does not have constitutional rights to an
                  administrative hearing prior to assessment of
18                penalties under 26 U.S.C. § 6702.  Federal
                  cases have rejected due process challenges to
19                the provisions of §§ 6702 and 6703 based on
                  the contention that there was no requirement
20                for a hearing before assessment of the
                  penalty ... The courts also rejected due
21                process challenges to the provisions based on
                  the contention that the provisions required
22                payment of 15 percent of the penalty before
                  administrative review and a judicial hearing
23                ... Therefore, the court finds that Plaintiff
                  does not have constitutional rights to a pre-
24                collection administrative hearing.

25         The United States contends that the Amended Petition filed

26    in the action before this court, "although nonsensical and
```

1  unintelligible, appear[s] to seek relief based upon frivolous
2  claims regarding alleged constitutional violations involving
3  federal tax collection."

4       The court denies this motion for Rule 11 sanctions to the
5  extent that the United States contends that the instant action is
6  identical to petitioner's action before Judge Ishii.  It is
7  apparent that the action before Judge Ishii was a challenge to a
8  penalty imposed upon petitioner for a single taxable year, which
9  challenge was based on an Internal Revenue Code section not
10 involved in the Amended Petition filed with this court.  In
11 addition, the Amended Petition refers to more than one taxable
12 year and contests the adequacy of the hearing accorded petitioner
13 under 26 U.S.C. § 6330, a challenge not involved in Judge Ishii's
14 action.

15      Apparently recognizing the differences between the action
16 dismissed by Judge Ishii and the allegations of the Amended
17 Petition before this court, the United States argues that Rule 11
18 sanctions should be imposed on petitioner because of his failure
19 to comply with Magistrate Judge O'Neill's Order directing Wingle
20 to file an Amended Petition.

21      The record in the instant action demonstrates that
22 Magistrate Judge O'Neill initially recommended <u>sua sponte</u> that
23 this action be dismissed without leave to amend.  However, after
24 reviewing petitioner's objections to the recommendation,
25 Magistrate Judge O'Neill vacated the recommendation and issued an
26 Order directing petitioner to file an Amended Petition, stating

8

in pertinent part:

> Based on plaintiff's papers filed May 5, 2005, this Court construes plaintiff's complaint to allege errors of an appeals officer's determination following a December 14, 2004 due process hearing. The complaint's allegations regarding the appeals officer fail to state a claim. The complaint fails to allege Section 6330(c) discrepancies to permit this Court to proceed with review. The complaint fails to even hint at the appeals officer's determination. The complaint makes sweeping comments without supporting facts or substance. The complaint fails to state facts that this Court, rather than the United States Tax Court, has jurisdiction to satisfy F.R.Civ.P 8(a)(1). The complaint does not adequately identify grounds for relief to satisfy F.R.Civ.P 8(a)(2). The complaint fails to articulate particular relief sought by plaintiff. The pleading deficiencies prevent this Court from proceeding on plaintiff's complaint.
>
> ...

Magistrate Judge O'Neill directed petitioner to file an amended petition in compliance with his order and admonished petitioner that "a failure to file an amended complaint in compliance with this order will result in a recommendation to dismiss this action for failure to obey a court order."

The United States contends that petitioner has not complied with Magistrate Judge O'Neill's Order because the Amended Petition

> still makes 'sweeping comments without supporting facts or substance' and neither states facts where subject matter jurisdiction can be ascertained nor states claims upon which relief can be granted ... In viewing the 150+ page Amended Complaint in the most favorable light possible, this Court may have subject matter jurisdiction over

>frivolous filing penalties (but not income tax penalties) that may have been assessed against Mr. Wingle: Mr. Wingle filed his complaint on February 4, 2005, within 30 days of the Notice. See 26 U.S.C. § 6330(d)(1) ... However, Mr. Wingle fails to even hint of any claim regarding frivolous filing penalties in violation of Rule 8(a)(2) of the Federal Rules of Civil Procedure. ....

Petitioner is proceeding <u>in pro per</u>. The United States concedes that this court has subject matter jurisdiction over petitioner's claims concerning the due process hearing under Section 6630 accorded to him, at least to the extent the Amended Petition complains of the frivolous filing penalties imposed on petitioner. To the extent that the United States is arguing that Rule 11 sanctions should be granted because the Amended Petition does not state a claim upon which relief can be granted, the United States has not moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). Although imposition of Rule 11 sanctions may be appropriate at some later date, the court concludes that a request for Rule 11 sanctions on the ground that the Amended Petition does not state a claim upon which relief can be granted is premature.

ACCORDINGLY:

1. The United States' motion for sanctions pursuant to Rule 11, Federal Rules of Civil Procedure, is denied without prejudice. IT IS SO ORDERED.

**Dated: October 13, 2005**          /s/ Robert E. Coyle
668554                                UNITED STATES DISTRICT JUDGE

10